UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GERALD J. MOBLEY,

                                      Plaintiff,

    v.                                                                       9:21-CV-299
                                                                               (BKS/ATB)

SERGEANT CRANE, et al.,

                                      Defendants.

---

GERALD J. MOBLEY, Plaintiff, pro se
BRENDA T. BADDAM, Asst. Attorney General, for defendants.

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT and RECOMMENDATION

Presently before the court is defendants' motion to dismiss plaintiff's pro se civil rights complaint on statute-of-limitations grounds, pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 14). This matter has been referred to me for Report and Recommendation by the Honorable Brenda K. Sannes, United States District Judge. Plaintiff has not filed any opposition to the motion.[1] For the following reasons, this court recommends that the defense motion to dismiss be granted, unless plaintiff files an objection to this Report and Recommendation that articulates viable grounds for equitable tolling of the applicable statute of limitations.

---

[1] Plaintiff contacted the Clerk's Office by telephone on the day his response was due, and sought an extension of his deadline to respond, claiming that his submission to the court had been returned by the post office for insufficient postage. (7/12/2021 staff note). He was advised by the Clerk that he would be required to submit his request for an extension in writing, but plaintiff, thereafter, did not file anything further. (*Id.*)

I.  **Procedural History and Relevant Facts**

Plaintiff signed his complaint on February 18, 2021, alleging that the defendants failed to protect him from an assault by another inmate, while plaintiff was incarcerated at the at the Marcy Correctional Facility ("Marcy"). (Complaint ("Compl."), Dkt. No. 1 at 9).[2] The complaint alleges that, on February 9, 2018, while "80 to 100 inmates" were walking through Marcy from the gym to the housing units, plaintiff was attacked by another inmate, who cut him on his face with a sharp object. (Compl., Dkt. No. 1 at 7). Defendant Correctional Officers Weaver and Jensen, who were not at their assigned posts near the location of the assault, belatedly responded to the incident. (*Id*.). Plaintiff was treated for his injuries with 22 stitches at an outside hospital. (*Id*.). When plaintiff arrived back at Marcy, defendant Security Supervisor Sergeant Crane told plaintiff that prison officials had "3 days of prior" warning of the assault because they had received "slips from informants which were dropped throughout the week to security personnel[.]" (*Id*. at 8).

Plaintiff's complaint was received by the U.S. District Court for the Eastern District of New York ("E.D.N.Y.") and filed on March 2, 2021. (Dkt. No. 1).[3] On March 16, 2021, E.D.N.Y. District Judge Joanna Seybert issued an Order transferring the action to this district, because the named defendants all worked at Marcy, located in the Northern District of New York ("N.D.N.Y."), and because the incidents on which

---

[2] Plaintiff used a form-complaint of the Eastern District of New York in initiating this action, but inserted additional pages in between the numbered pages of the form. Thus, the court will cite to the page of the complaint as assigned by the court's electronic filing system ("CM/ECF").

[3] The complaint was stamped as filed on March 2, **2020** by the E.D.N.Y., but it is clear from the docket that it was received and filed in **2021**.

plaintiff's claims were based all occurred while he was incarcerated at Marcy. (Dkt. No. 5). Based on an initial review of the complaint by N.D.N.Y. District Judge Sannes, defendants were ordered to respond to plaintiff's Eighth Amendment failure-to-protect claim against defendants Weaver, Jensen, and Crane remain. (4/26/21 Decision and Order, Dkt. No. 7).[4] Those defendants then filed their motion to dismiss.

## II.     Motion to Dismiss

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). When considering a motion to dismiss pursuant to Rule 12(b)(6), the court's consideration is limited to the factual allegations as stated in the complaint, any documents attached to the complaint as exhibits or incorporated by reference, and matters of which the court may take judicial notice. *Portillo v. Webb*, No. 16 Civ. 4731 (VEC/GWG), 2017 WL 4570374, at *1 (S.D.N.Y. Oct. 11, 2017) (citing, inter alia, *Brass v. Am. Film Tech.*, 987 F.2d 142, 150 (2d Cir. 1993)).

"Plaintiff's failure to oppose the motion to dismiss does not relieve the Court of its obligation to consider the merits of plaintiff's claims." *Bloom v. Fischer*, 840 F. Supp. 2d 691, 692 (W.D.N.Y. 2012). "If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion

---

[4] Plaintiff's claim against the Superintendent of Marcy--designated as "John Doe" in the complaint--was dismissed by Judge Sannes without prejudice, but plaintiff never sought to amend his claims against that defendant.

does not warrant dismissal." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000).  The Second Circuit has repeatedly "reminded district courts that "'when [a] plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally[]'" "particularly . . . when the pro se plaintiff alleges that [his/]her civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

### III. Statute of Limitations

#### A. Legal Standards

Federal courts apply the state law, personal injury statute of limitations period to the filing section of 1983 actions. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985).  In New York State, the relevant limitations period is three years. *Owens v. Okure*, 488 U.S. 235, 250-51 (1989).  *See* N.Y. Civ. Prac. L & R. § 214(5).  Thus, unless the limitations period is tolled for some reason, a plaintiff must file his section 1983 civil rights action within three years of the accrual of each cause of action.

Federal law governs the question of when a section 1983 claim accrues. *Covington v. City of New York*, 171 F.3d 117, 121 (2d. Cir. 1999) (citation omitted)).  Generally, under federal law, a cause of action accrues when "'the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Id.* (citation omitted)).  "Although federal law determines when a section 1983 claim accrues, state tolling rules determine whether the limitations period has been tolled, unless state tolling rules would 'defeat the goals' of section 1983." *Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 1997).

The Supreme Court has held that an inmate's papers may be deemed "filed" as of the time of delivery to prison authorities for forwarding to the district court. *Houston v. Lack*, 487 U.S. 266 (1988).  This rule became known as the "prison mailbox rule," and

has been applied to complaints filed by inmates for purposes of the statute of limitations. *See Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993), modified on other grounds, 25 F.3d 81 (2d Cir. 1994).

In "rare and exceptional" cases, the doctrine of equitable tolling may apply to defeat an argument that the action was not timely filed. *Abbas v. Dixon*, 480 F.3d at 642. *See also Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 322 (2d Cir. 2004) ("Equitable tolling is an extraordinary measure that applies only when plaintiff is prevented from filing despite exercising that level of diligence which could reasonably be expected in the circumstances."). Equitable tolling allows the court to extend the statute of limitations past the time of expiration as necessary to avoid inequitable circumstances. *Johnson v. Nyack Hospital*, 86 F.3d 8, 12 (2d Cir. 1996) (citation omitted). In order to apply equitable tolling, the court must find that "extraordinary circumstances" prevented the plaintiff from performing the required act, and that plaintiff acted "with reasonable diligence" during the period that he seeks to toll. *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (quoting *Doe v. Menefee*, 391 F.3d 159 (2d Cir. 2004)).

Equitable tolling is applicable to the time period during which a prisoner-plaintiff is exhausting his administrative remedies pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"). G*onzalez v. Hasty*, 651 F.3d 318, 323 (2d Cir. 2011). However, the statute is tolled only while the plaintiff is "actively exhausting," and is not tolled between the time that the cause of action accrues and the time that plaintiff begins the administrative exhaustion process. *Id.* at 324.

Because the failure to file an action within the limitations period is an affirmative

defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas*, 480 F.3d at 640. However, "a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Thea v. Kleinhandler*, 807 F.3d 492, 501 (2d Cir. 2015). "'[W]hen the allegations of the complaint make clear that the claim is barred by the limitations period, the plaintiff has the burden of establishing a basis to toll the applicable statute.'" *Rusyniak v. Gensini*, 629 F. Supp. 2d 203, 232 (N.D.N.Y. 2009) (citing *Eickhorst v. E.F. Hutton Group, Inc.*, 763 F. Supp. 1196, 1202 (S.D.N.Y. 1990). However, before a complaint may be dismissed on statute-of-limitations grounds, the plaintiff should have notice and an opportunity to be heard with respect to any argument for tolling. *Abbas*, 480 F.3d at 640.

B.   **Application**

Defendants assert that plaintiff's failure-to-protect claim "began to accrue on February 9, 2018, when the inmate-on-inmate attack took place [and] . . . Plaintiff suffered injuries."[5]  (Def.s' Mem. of Law at 3, Dkt. No. 14-1). Defense counsel notes that plaintiff's complaint was filed "on March 2, 2021--approximately 3 years and 21

---

[5] It is unclear from the complaint when plaintiff was returned from the hospital and allegedly learned from defendant Crane that facility security personnel at Marcy had advance notice of a planned assault. Even if it was not until several days after he suffered injury from the assault, that plaintiff learned of specific evidence of defendant's deliberate indifference to an imminent risk of harm to plaintiff, that would not extend the accrual date of the failure-to-protect claim. Accrual of a section 1983 claim generally occurs "'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Fairley v. Collins*, No. 09 CIV. 6894, 2011 WL 1002422, at *3 (S.D.N.Y. Mar. 15, 2011) (citations omitted). The "'discovery of the injury, not discovery of the other elements of the claim, . . . starts the clock.'" *Id*. (citing, inter alia, *Whitfield v. O'Connell*, No. 09 Civ. 1925, 2010 WL 1010060, at *5 (S.D.N.Y. Mar. 18, 2010), *aff'd*, 402 F. App'x 563 (2d Cir. 2010))). Even if plaintiff's claim did not accrue until his alleged conversation with defendant Crane, it seems unlikely, based on the facts as alleged in the complaint, that the delay between the assault and that conversation would have been long enough to cure the untimeliness of plaintiff's filing of his complaint.

days after the assault took place"--and his complaint "was dated February 18, 2021--approximately three years and 9 days after he was assaulted." (*Id*.). Accordingly, defense counsel argues, "Plaintiff's claims . . . should be dismissed as untimely under the applicable [three-year] statute of limitations." (*Id*.).

Plaintiff was no longer in state custody when he filed his complaint (*see* Dkt. No. 1), so the prison mailbox rule would not apply to move back his imputed filing date to February 18, 2021, when he signed his pleading. The apparent twelve-day mailing delay in delivery of his complaint to the Clerk of the E.D.N.Y. would not appear to support equitable tolling, particularly because plaintiff did not even date his complaint until nine days after the filing deadline. In *Diaz v. Kelly*, 515 F.3d 149, 155-56 (2d Cir. 2008), the Second Circuit held that a delay in mailing can qualify as an extraordinary circumstance warranting equitable tolling in the context of a prisoner habeas petition, but the delay in mailing in that case was several months. In *Saunders v. Senkowski*, 587 F.3d 543, 550 (2d Cir. 2009), the Second Circuit narrowed the reach of the *Diaz* case, stating: "We are aware of no case holding that a delay occasioned by the normal course of the mail . . . constitutes an "extraordinary" circumstance for purposes of equitable tolling, and we decline to so hold now." Following this reasoning, *Simmons v. Brown*, No. 08-CV-01425, 2011 WL 2133844, at *9-11 (E.D.N.Y. May 26, 2011) held that an eight-day delay in the mails "[did] not present extraordinary circumstances warranting equitable tolling," particularly because the habeas petitioner waited almost a year before attempting to file a critical document.[6]

---

[6] The cited cases all consider equitable tolling in the context of prisoner habeas petitions and the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). However, similar analysis would appear to be instructive in the context of a federal civil action. *See, e.g., Ko v. JP Morgan Chase Bank*,

7

If plaintiff filed a grievance relating to the claims in his complaint while still incarcerated,[7] that could support a viable argument for equitable tolling of the statute of limitations by more than the 21 days by which plaintiff missed his filing deadline.[8] Plaintiff was not required to allege in his complaint that he filed a grievance, or otherwise exhausted his administrative remedies, which would have been a prerequisite to filing a federal civil rights action, as long as he was still incarcerated.[9] *See Jones v.*

---

*N.A.*, 730 F. App'x 62, 64 (2d Cir. 2018) (in the context of an employment discrimination case, rejecting plaintiff's argument that a short, routine delay in mail service supported equitable tolling, particularly in light of the plaintiff's lack of diligence during the prior time period). To the extent standards for equitable tolling under New York law would apply in this case, they are even more restrictive than the federal law cited above. *See, e.g., Zumpano v. Quinn*, 6 N.Y.3d 666, 674, 849 N.E.2d 926, 929 (2006) ("this Court has held that equitable estoppel [to toll a statute of limitations] will apply 'where plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action'[;] [m]oreover, the plaintiff must demonstrate reasonable reliance on the defendant's misrepresentations") (citations omitted); *Platzman v. Munno*, 184 Misc. 2d 201, 204, 706 N.Y.S.2d 846, 849 (Sup. Ct. Rockland Cty. 2000), aff'd, 282 A.D.2d 539, 722 N.Y.S.2d 886 (2d Dept. 2001) (Zoning Board of Appeals was not barred by equitable estoppel from relying on a statute of limitations defense even though the petitioner asserted that neither he, nor his lawyer, ever received, in the mail, the zoning variance decision that triggered the 30-day filing deadline to seek Article 78 review; it was incumbent upon petitioners to diligently inquire as to the status of the decision after submitting the variance application).

[7] According to the Inmate Lookup feature of the New York Department of Corrections and Community Supervision ("DOCCS"), plaintiff was granted "MERIT RELEASE TO PAROLE" on September 27, 2018. http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ2/WINQ120. Plaintiff's deadline for filing a grievance would have been 21 days following the February 9, 2018 incident, 7 N.Y.C.R.R. § 701.5(a)(1), so he would still have been in DOCCS custody for at least six months when he could have been pursuing his administrative remedies.

[8] Under DOCCS grievance procedures, a grievance relating to staff misconduct may be submitted directly to the facility superintendent. The superintendent has 25 days to respond to the grievance. Within seven days of the superintendent's response, the inmate must initiate an appeal to the Central Office Review Committee ("CORC"), which then has 30 days to render a final decision. *See, e.g., Moore v. Mansueto*, No. 9:19-CV-624 (GTS/ML), 2021 WL 3710736, at *2-3 (N.D.N.Y. Aug. 20, 2021); *Hayes v. Dahlke*, 976 F.3d 259, 264 (2d Cir. 2020); 7 N.Y.C.R.R. § 701.5. Thus, for an inmate to fully exhaust his administrative remedies, as required to pursue a civil rights action in federal court, he would typically have a grievance actively pending for well more than 21 days.

[9] Once plaintiff was released from DOCCS custody, the exhaustion requirement under the PLRA no longer applied as a prerequisite for filing a federal civil rights action. *Greig v. Goord*, 169 F.3d 165, 167 (2d Cir. 1999).

8

*Bock*, 549 U.S. 199, 216 (2007) ("failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints"). In their motion to dismiss, defendants do not state whether plaintiff ever actively pursued a grievance with respect to his failure-to-protect claim.

The defendants would presumably argue that plaintiff had an opportunity to make any argument supporting equitable tolling by opposing the motion to dismiss, and that he forfeited that opportunity by failing to respond. *See, e.g., Trapani v. Coryer*, No. 14-CV-683 (GTS/CFH), 2016 WL 8732638, at *6 (N.D.N.Y. June 6, 2016), report and recommendation adopted, 2016 WL 8732640 (N.D.N.Y. July 15, 2016) (plaintiff had notice and an opportunity to be heard with respect to tolling arguments through his response to the defense motion to dismiss).[10] However, it is notable that defendants' motion papers made no reference to the possibility that plaintiff could overcome the statute-of-limitations defense by asserting viable grounds for equitable tolling, e.g., based on his pursuit of a grievance while he was still confined by DOCCS.[11] A pro se

---

[10] Plaintiff Trapani responded in opposition to the defense motion to dismiss his claims on statute-of-limitations grounds. The district court found that plaintiff's arguments for equitable tolling were insufficient to overcome the statute-of-limitations defense with respect to one claim. However, the facts regarding equitable tolling with respect to two other claims were not sufficiently clear to warrant granting the motion to dismiss with respect to those claims. *Id.*, 2016 WL 8732638, at *5-7.

[11] Defense counsel did file a Notice of Motion, which advised the plaintiff: "where a properly filed motion is unopposed and the Court determines that the moving party has demonstrated its entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown." (Dkt. No. 14). That warning tracks the language of a general provisions in the N.D.N.Y. local rules regarding motion practice (N.D.N.Y. L.R. 7.1(a)(3)). The N.D.N.Y. local rules direct parties moving for summary judgment against a pro se party, under Fed. R. Civ. P. 56, to provide a specific warning regarding the failure to respond. N.D.N.Y. L.R. 56.1(a), 56.2. However, the local rules do not direct that any such notice should be provided to pro se litigants in connection with a motion to dismiss under Rule 12(b)(6), reflecting the case law that indicates that failing to respond to a motion to dismiss does not, by itself, constitute consent to granting that motion.

litigant might well be confused as to what extrinsic information beyond the scope of his complaint he was allowed to offer in opposition to a motion to dismiss based on the statute of limitation. *See Ellington Long Term Fund, Ltd. v. Goldman, Sachs & Co.*, No. 09 CIV. 9802, 2010 WL 1838730, at *4 (S.D.N.Y. May 4, 2010) ("Plaintiffs' obligation to produce evidence at the motion to dismiss stage is even further reduced in the context of a motion to dismiss premised on the statute of limitations--an affirmative defense on which the defendant bears the burden of proof.").

Based on the current record, and given the defendant's failure to respond to defendants' motion to dismiss, this court will recommend that the motion be granted. However, because the defense papers arguably provided plaintiff with insufficient notice regarding how he could or should respond to the motion to dismiss, I would also recommend that the District Court allow plaintiff a further opportunity to raise any arguments in support of equitable tolling in any objection he chooses to file to this Report and Recommendation. If plaintiff makes plausible claims that he properly pursued a grievance relating to the claims in this case while still incarcerated, or if he presents some other viable grounds for equitable tolling, the District Court may consider denying the defense motion or referring the matter back to me for further consideration. If plaintiff fails to object to this Report and Recommendation, he would be more clearly forfeiting his opportunity to argue for equitable tolling, and dismissal of his remaining claims would be justified.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the defendants' motion to dismiss the remaining claims in this case pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 14) be **GRANTED** unless, in

objections to this Report and Recommendation, plaintiff asserts plausible grounds supporting equitable tolling of the applicable statute of limitations for a sufficient time period to render the filing date of his complaint timely.[12]

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: November 3, 2021

*[signature: Andrew T. Baxter]*
Andrew T. Baxter
U.S. Magistrate Judge

---

[12] The Clerk is directed to serve a copy of this Report and Recommendation on plaintiff by mail at his address of record, and to also serve a copy on him via the e-mail address set forth on his complaint-- GERALDMOBLEY18@gmail.com.